IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ELIJAH NATHANIEL LOVE,

    Plaintiff,
v.                                                      CASE NO. 1:20-cv-234-AW-GRJ

A BARS, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Department of Corrections, initiated this case by filing a *pro se* civil rights complaint. ECF No. 1. Plaintiff's Complaint concerns an alleged assault on him by Mayo CI officers and gang members. *Id.* Plaintiff has been granted leave to proceed as a pauper, and the Court ordered him to pay an initial partial filing fee of $6.83 by October 22, 2020. ECF No. 4. The Order warned Plaintiff that "he is ultimately responsible for payment of the filing fee if the agency having custody over him lapses in its duty to make payments on his behalf". *Id.*

Plaintiff failed to pay the initial partial filing fee, and the Court ordered him to show cause on or before November 23, 2020, as to why this case should not be dismissed. ECF No. 12. Plaintiff did not respond, but

because Plaintiff filed a change of address the Court issued a second show-cause order on December 1, 2020, requiring Plaintiff to show cause on or before December 31, 2020, as to why the Complaint should not be dismissed for failure to pay the initial partial filing fee.  Plaintiff again has failed to respond.

This Court has the discretion to dismiss a case for failure to pay the initial partial fee required by the PLRA.  See *Frith v. Curry*, 812 Fed. Appx. 933, 935 (11th Cir. 2020) (unpublished). [1]  "Before dismissing a prisoner's complaint for failure to comply with an IFP order directing the payment of an initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner complied with the order by authorizing payment by prison officials."  *Frith,* 812 Fed. Appx. at 935 (citing *Wilson,* 313 F.3d at 1320-21). "Steps the court can take include issuing a show-cause order, allowing objections to the magistrate judge's report, communicating with prison officials, and issuing an order to the custodial institution." *Id.* at 1321.  "Ordinarily, a complaint should not be dismissed for failure to pay the filing fee when the district court determines that the inmate executed a consent form authorizing prison officials to remit the fee

---

[1] Pursuant to 11th Cir. R. 36-2, unpublished decisions are not binding on this Court but may be cited as persuasive authority.

from the inmate's funds when the funds became available . . . Proof that the inmate authorized payment typically confirms that nonpayment was not the inmate's fault but rather the result of prison officials' inaction or a lack of funds in the inmate's account." *Id.*

Here, Plaintiff executed a consent form authorizing prison officials to remit the fee.  *See* ECF No. 2.  The custodian of inmate accounts at Plaintiff's institution acknowledged receipt of the Court's fee order.  ECF No. 5.  However, no fee has been received.  The Court has afforded Plaintiff two opportunities to explain why the initial partial filing fee has not been paid, and Plaintiff has failed to respond.  The Court therefore concludes that dismissal for failure to pay the filing fee is appropriate under these circumstances.

Further, Plaintiff filed a motion for leave to file an amended complaint, ECF No. 9, together with a proposed amended complaint, ECF No. 10.  Pursuant to Fed. R. Civ. P. 15(a)(2) the Court's leave to file an amended complaint should be freely given "when justice so requires".  However, Plaintiff's proposed amended complaint was deficient because it referred to the factual allegations in the original complaint and did not include all of Plaintiff's factual allegations.  The Court denied Plaintiff's motion for leave to amend without prejudice to his right to file an amended complaint that

sets forth all of the factual allegations that support his claim.  ECF No. 12.  Plaintiff has now filed another amended complaint, ECF No. 15, but it is deficient for the same reasons.  Plaintiff refers back to the original complaint but does not set forth any factual allegations in the proposed amended complaint.  ECF No. 15 will be stricken.

Accordingly, it is **ORDERED** that Plaintiff's amended complaint, ECF No. 15, is **STRICKEN.**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff has failed to pay the initial partial filing fee.

**DONE AND ORDERED** this 4th day of March 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.